UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY - 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Rudy Stanko, )
)
    Petitioner, )
)
v. ) Civil Action No. 10 0708
)
Eric Holder, Attorney General, )
)
    Respondent. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the "Petition for a Declaratory Judgment, or in Alternative, a Petition for the Great Writ of Habeas Corpus" and the petitioner's application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

The petitioner challenges his 72-month prison sentence imposed in October 2006 by the United States District Court for the District of Nebraska, following his conviction for possession of firearms and ammunition by a prohibited person. *See* Pet. at 5; *U.S. v. Stanko*, 491 F.3d 408, 410-11 (8th Cir. 2007). The petitioner asserts that his 1984 conviction for violating the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. § 601 *et seq.*, does not preclude him from possessing a firearm; thus, his subsequent conviction for doing so is unconstitutional. *See generally* Pet. at 3-6. A challenge to a federal conviction or sentence must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.*, 106 F.3d 680,

683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing); *LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (determining that the district court lacked subject matter jurisdiction over a declaratory judgment action because the remedy of *habeas corpus* was available in the location of the plaintiffs' custodian).

Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The petitioner has not shown that his available remedy is inadequate or ineffective, nor could he make such a showing since his claims have been heard by the United States Court of Appeals for the Eighth Circuit, *see Stanko*, 491 F.3d at 419 (holding on direct appeal "that Stanko's FMIA convictions do not fall within § 921(a)(20)(A) exclusion and, as a result, that he was a prohibited person under § 922(g)(1)"), and by the sentencing court in § 2255 proceedings, *see U.S. v. Stanko*, 641 F. Supp. 2d 866, 871 (D.Neb. 2009) (finding the petitioner's bill of attainder argument "totally devoid of merit" because "Congress has power and authority to

target citizens convicted of dangerous and violent crimes and to impose the punishment of losing their right to bear arms.") (citation omitted). Accordingly, this case is dismissed for lack of subject matter jurisdiction.[1]

/s/ Reggie B. Walton
United States District Judge

Date: April 13, 2010

---

[1] A separate Order of accompanies this Memorandum Opinion.